# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 6 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

### MOTION UNDER 28 U.S.C. SECTION 2255,
### TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
### PERSON IN FEDERAL CUSTODY

UNITED STATES OF AMERICA

FCI HAZELTON, BRUCETON MILLS, WV
PLACE OF CONFINEMENT

vs.

47797-177
PRISONER ID NUMBER

CHRISTOPHER ROBERT WEAST
MOVANT (full name of movant)

4:14-CR-023-A(01)
CRIMINAL CASE NUMBER

4:17-CV-802-A

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

---

## INSTRUCTIONS - READ CAREFULLY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities needs to be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.   If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.   Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

6.   Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.   When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office whose address is:

Abilene Division          Amarillo Division         Dallas Division              Fort Worth Division
P.O. Box 1218             205 S.E. 5th St, Rm 133   1100 Commerce, Rm 1452       501 W. 10th St, Rm 310
Abilene, TX 79604         Amarillo, TX 79101        Dallas, TX 75242             Fort Worth, TX 76102


Lubbock Division          San Angelo Division          Wichita Falls Division
1205 Texas Ave., Rm 209   33 East Twohig St, Rm 202    P.O. Box 1234
Lubbock, TX 79401         San Angelo, TX 76903         Wichita Falls, TX 76307

8.   Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

# MOTION

1. Name and location of court that entered the judgment of conviction you are challenging:

United States District Court
Northern District of Texas
Forth Worth Division
501 W. 10th St, Rm 310, Fort Worth, Texas

2. Date of the judgment of conviction:

July 29, 2014

3. Length of sentence:   360 months

4. Nature of offense involved (all counts):

Count 1 of Indictment - Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2)
Count 2 of Indictment - Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1)

5. (a) What was your plea? (Check one)

Not guilty ☑   Guilty ☐   Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or or indictment, what did you plead guilty to and what did you plead not guilty to?

Not Applicable

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☑   Judge Only ☐
7. Did you testify at the trial? (Check one)   Yes ☐   No ☑
8. Did you appeal from the judgment of conviction? (Check one)   Yes ☑   No ☐
9. If you did appeal, answer the following:

Name of Court:   United States Court of Appeals for the Fifth Circuit

Result:   Conviction and Sentence Affirmed

Date of result:   March 22, 2016

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☑   No ☐

11. If your answer to 10 was "Yes" give the following information:

Name of Court:  United States Supreme Court

Nature of proceeding:

Petition for Writ of Certiorari

Grounds raised:

Same Grounds raised in direct appeal to the Fifth Circuit Court of Appeals

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐   No ☑

Result:       Petition denied

Date of result:  October 6, 2016


As to any *second* petition, application or motion, give the same information:

Name of Court:  U.S. District Court for the Northern District of Texas, Fort Worth Division

Nature of proceeding:

Motion for Equitable Estoppel

Grounds raised:

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐   No ☑

Result:       Motion Denied

Date of result:  July 16, 2015

As to any *third* petition, application or motion, give the same information:

Name of Court: _____

Nature of proceeding: _____

Grounds raised:

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☐

Result: _____

Date of result: _____

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

| | | |
|---|---|---|
| First petition, etc. | Yes ☐ | No ☑ |
| Second petition, etc. | Yes ☐ | No ☑ |
| Third petition, etc. | Yes ☐ | No ☐ |

If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

No Certificate of appealability was issued by the court

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

      **CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS.</u> If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any of these grounds.

(a)     Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)     Conviction obtained by use of coerced confession.

(c)     Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)     Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)     Conviction obtained by a violation of the privilege against self-incrimination.

(f)     Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)     Conviction obtained by a violation of the protection against double jeopardy.

(h)     Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i)     Denial of effective assistance of counsel.

(j)     Denial of right to appeal.

A.   Ground One:

Movant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

Supporting FACTS (tell your story briefly without citing cases or law):

See Attached Supporting Memorandum

B.   Ground Two:

The trial court erred when it increased Movant's base sentencing guideline range five levels or distribution and exchanging pornographic materials and exchanging for a thing of value pursuant to USSG § 2G2.1.

Supporting FACTS (tell your story briefly without citing cases or law):

See Attached Supporting Memorandum

C.   Ground Three:

The trial court erred in refusing to let defense counsel ask a computer expert for the defense whether or not there were viruses on Movant's confiscated computer.

Supporting FACTS (tell your story briefly without citing cases or law):

See Attached Supporting Memorandum

D.   Ground Four:

Movant's sentence is substantively unreasonable and excessive.

Supporting FACTS (tell your story briefly without citing cases or law):

See Attached Memorandum of Law

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐     No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing:

MR. CHRIS CURTIS - ASSISTANT FEDERAL PUBLIC DEFENDER - NORTHERN DISTRICT OF TEXAS, 819 Taylor Street, Room 9A10, Fort Worth, Texas  76102    Telephone:  817.978.2753  &
MS. ANGELA R SAAD - Federal Public Defender- 819 Taylor Street, Room 9A10, Fort Worth Texas 76102

(b) At arraignment and plea:

MR. CHRIS CURTIS  - ASSISTANT FEDERAL PUBLIC DEFENDER - NORTHERN DISTRICT OF
TEXAS, 819 Taylor Street, Room 9A10, Fort Worth, Texas  76102    Telephone:  817.978.2753 &
MS. ANGELA R SAAD - Federal Public Defender- 819 Taylor Street, Room 9A10, Fort Worth Texas 76102

(c) At trial:

MR. CHRIS CURTIS  - ASSISTANT FEDERAL PUBLIC DEFENDER - NORTHERN DISTRICT OF
TEXAS, 819 Taylor Street, Room 9A10, Fort Worth, Texas  76102    Telephone:  817.978.2753 &
MS. ANGELA R SAAD - Federal Public Defender- 819 Taylor Street, Room 9A10, Fort Worth Texas 76102

(d) At sentencing:

MR. CHRIS CURTIS  - ASSISTANT FEDERAL PUBLIC DEFENDER - NORTHERN DISTRICT OF
TEXAS, 819 Taylor Street, Room 9A10, Fort Worth, Texas  76102    Telephone:  817.978.2753 &
MS. ANGELA R SAAD - Federal Public Defender- 819 Taylor Street, Room 9A10, Fort Worth Texas 76102

(e) On appeal

MR. CHRIS CURTIS  (in courtroom)   ASSISTANT FEDERAL PUBLIC DEFENDER  2   NORTHERN
DISTRICT OF TEXAS    819 Taylor Street, Room 9A10, Fort Worth, Texas  76102    Telephone:
817.978.2753

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☑   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐   No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) And give date and length of sentence to be served in the future:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐   No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Christopher West_
Signature

_FCI Hazelton_
Firm Name (if any)

_P.O. Box 500_
Address

_Bruceton Mills, WV 26525_
City, State & Zip Code

_____
Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
Executed on _September 28, 2017_ (date).

By: _Chris West_
Signature of Movant

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **C/A No.: 4:14-CR-023-A(01)** |
| **Respondent,** | ) | |
| | ) | |
| | ) | **SUPPORTING MEMORANDUM** |
| - VS - | ) | **TO MOVANT'S §2255 MOTION** |
| | ) | |
| | ) | |
| **CHRISTOPHER ROBERT WEAST,** | ) | |
| | ) | |
| | ) | |
| **Defendant/Movant** | ) | |

THE ABOVE-NAMED MOVANT hereby submits the following supporting
argument(s) in support of his present motion brought pursuant to 28 U.S.C. §2255.

## STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

A federal district court has jurisdiction to entertain a §2255 petition when
the Movant is in custody under the sentence of a federal court. See 28 U.S.C.
§2255. A federal prisoner may challenge his sentence on the ground that, inter alia,
it "was imposed in violation of the Constitution or laws of the United States." Id.
The Movant is entitled to an evidentiary hearing unless the "allegations, accepted
as true, would not entitle the Movant to relief, or . . . 'are contradicted by the
record, inherently incredible, or are conclusions rather than statements of fact.'"
United States v. Rodriguez, 929 F. 2d 747 (1st Cir. 1991) (quoting Dziugot v.
Luther, 897 F. 2d 1222 (1st Cir. 1990); See 28 U.S.C. §2255(b).

## PROCEDURAL SUMMARY

Movant was charged by a United States Grand Jury sitting in the Northern District of Texas in a three-count third superseding indictment charging the Movant with the following offenses:

**Count 1:**    Possession of Child Pornography in violation of
18 U.S.C. §§ 2252A(a)(5)(B) & 2252A(b)(2)

**Counts 2:**    Receipt of Child Pornography in violation of
18 U.S.C. §§2252A(a)(2)(A) & 2252A(b)(1)

**Count 3:**    Forfeiture Notice

On July 29, 2014, the Movant was found guilty by a jury on all counts contained in third superseding indictment. On November 14, 2014, the Movant was sentenced to a term of imprisonment of 120 months for count one of the third superseding indictment and a term of imprisonment of 240 months for count two of the indictment, to run consecutively with count one, for an aggregate sentence of 360 months imprisonment. to be followed by five (5) years of supervised release. by the Honorable John McBryde, United States District Court Judge. The court also ordered Movant to register as a sex offender with state and local law enforcement. Movant filed a timely Notice of Appeal on November 21, 2014.

In its January 16, 2016 opinion, the Fifth Circuit Court of Appeals affirmed the Movant's conviction and sentence. Movant did not file a petition for writ of certiorari with the U.S. Supreme Court.

## GROUNDS FOR RELIEF I

Movant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

## ARGUMENT I

The right to counsel in a criminal case is the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 80 L Ed 2d 674, 104 S. Ct. 2052 (1984). Counsel can deprive a defendant of the right to effective assistance of counsel simply by failing to render adequate legal assistance. That a person who happens to be a lawyer is present at trial alongside the accused is not enough to satisfy the Sixth Amendment. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to e
nsure that the trial or proceeding is fair. In representing a criminal defendant, counsel owes the client a duty of loyalty, a duty to avoid conflicts of interest, a duty to advocate the defendant's cause, a duty to consult with the defendant on important decisions, a duty to be truthful and forthright with the defendant, a duty to keep the defendant informed of important developments in the course of the proceedings, and a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial process. Strickland, supra.

To establish ineffective assistance of counsel, a Movant must show that the attorney's performance was both constitutionally deficient and prejudicial. Counsel's performance is deficient if the representation falls below an objective standard of reasonableness. Strickland, at 687-88. Prejudice involves a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland at 694.

In the case *sub judice*, Movant's attorney was grossly ineffective and deficient because of the simple fact that his attorney blatantly failed to fulfill the duty to effectively advocate the Movant's cause to the extent that the adversarial proceedings were, indeed, balanced and fair.

During the course of the adversarial proceedings, the Movant had a right to expect that his attorney would use every skill, expend every energy, and tap every legitimate resource in exercise of independent professional judgment on behalf of the Movant and in undertaking representation. See <u>Frazer v. United States</u>, 18 F.3d 778, 779 (9th Cir. 1994); U.S.C.A. Const. Amend 6. (Counsel owes defendant duty of loyalty, unhindered by counsel's constitutionally deficient performance.)

At a minimum, trial counsel has a duty to interview potential witnesses and to make an *independent* investigation of the facts and circumstances of the case. The decision not to interview witnesses cannot be considered an effective strategic choice. When counsel makes choices of which witnesses to use or not to use, those choices must be based on counsel's proper investigation. Counsel's minimum duty is to interview potential witnesses and make an independent investigation of the facts and of the case. Movant's trial attorney did not meet the minimum duty required of her.

Counsel has a duty to adequately investigate his/her client's claims by interviewing potential witnesses whose testimony can either exonerate the clients or lead to the discovery of exonerating evidence. Movant's counsel was grossly derelict in this duty.

During Movant's jury trial, counsel made several crucial errors and omissions which, had they not been made, probably would have resulted in an acquittal. These errors and/or omissions include, but are not necessarily limited to, the following:

1.  At some point during the course of the Movant was approached by his
    appointed counsel with a plea offer from the government. At this point,
    Movant's counsel had not gone over the sentencing guidelines applicable
    to the charges in the third superseding indictment. Counsel informed
    Movant that the Assistant U. S. Attorney had offered a "10-year plea
    deal". Movant then asked what the maximum sentence he could receive if
    he went to trial. Counsel told Movant that the maximum he could get by
    going to trial was 10 years. Movant then asked counsel why would they
    take a plea deal if the best offer made was for the maximum they could
    get at trial. Again, Movant reiterates that at the time he was approached
    by counsel with the plea offer, his attorney had not explained the
    guidelines, how the guidelines would affect sentencing and criminal
    history scores. Counsel was ineffective in failing to explain to Movant
    that by pleading guilty, the judge would be given a pre-sentence report
    which he would take into consideration when determining Movant's base
    level guideline range. All Movant had to go on was the representations
    his attorneys made in reference to the plea offer from the government.
    Had Movant known he was facing a 30-year maximum sentence instead
    of a 10-year maximum sentence as counsel had presented to him, Movant
    would have taken the 10-year plea deal.

2.  Trial counsel failed to object to the court's closure of the jury voir dire to
    the public. The Sixth Amendment to the United States Constitution
    guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy
    the right to a . . . public trial." U.S. Const. amend. VI. "[T]he [public-
    trial] guarantee has always been recognized as a safeguard against any
    attempt to employ our courts as instruments of persecution. The
    knowledge that every criminal trial is subject to contemporaneous review

in the forum of public opinion is an effective restraint on possible abuse of judicial power." In re Oliver, 333 U.S. 257, 270 (1948) (internal footnotes omitted). The right is intended for the benefit of the defendant, so that "the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions." Waller v. Georgia, 467 U.S. 39, 46 (1984) (quoting Gannett Co. v. DePasquale, 443 U.S. 368, 380 (1979)). Given the magnitude of the right at stake, "[t]he presumption of openness may be overcome only by an overriding interest based on [specific, articulated] findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Waller, 467 U.S. at 45 (quoting Press-Enter. Co. v. Superior Ct. of Cal., 464 U.S. 501, 510 (1984)). In Waller, the United States Supreme Court set forth a four-pronged analysis that courts must follow in determining whether the closure of a courtroom is necessary:

[1] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure. 467 U.S. at 48.

In the absence of this analysis, a complete closure of a courtroom constitutes structural error, because the deprivation of the right to a public trial "affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself." Arizona v. Fulminante, 499 U.S. 279, 310 (1991) (citing Waller, 467 U.S. at 49); see also Waller, 467 U.S. at 49 n.9; cf. Wilder v. United States, 806 F.3d 653, 661 (1st Cir. 2015).

It was "well settled" under Waller and Press-Enterprise (which held that the First Amendment right to open trials extends to jury selection, 464 U.S. at 505) that the Sixth Amendment right to a public trial encompasses jury empanelment. Presley v. Georgia, 558 U.S. 209, 213 (2010) (per curiam).

3.   One of Movant's trial attorneys. Chris Curtis, subsequently represented Movant on Appeal. during the appeal, counsel was ineffective as when it was never mentioned that trial counsel continuously made repetitious and futile objections to the AUSA's statements even though the trial judge had repeated over-ruled the same objections trial counsel had made numerous time previously. The U.S. Supreme Court has stated that where counsel has objected repeatedly and the trial judge has repeatedly overruled the same objection, this is more prejudicial to the defendant's right to a fair trial because the repeated objections and judge's repeated overruling them, sends a message to the jury that the trial judge believes the defendant is guilty.

4.   Counsel was ineffective in his assistance at trial when he argued that the Assistant U.S. Attorney made three separate inappropriate and prejudicial comments about Movant exercising his right to remain silent. Counsel for the Movant objected and argued to the court that this conduct constituted prosecutorial misconduct when, instead, he should have argued prosecutorial error as expounded upon in the U. S. Supreme Court decision in People v. Hill, which said that the claim of prosecutorial misconduct is more properly called prosecutorial error. A federal due process claim of prosecutorial error does not turn on the existence of maliciousness and malovolent intent. Rather it focuses on the adverse effect on the defendant's right to a fair trial.

5. Both trial counsel and appellate counsel were ineffective when both failed to object to the court's draconian sentencing of Movant as being unreasonable and excessive.

6. Movant's attorneys refused to investigate the fact that Movant had actually reported instances of child pornography on three different occasions which Movant had stumbled upon on the internet. Movant made an extensive report to Officer Bowden of the White Settlement Police Department, but his attorneys refused to investigate into these reports which Movant had already made to the White Settlement Police Department as well as 2 reports which Movant made to the FBI as advised by Officer Bowden of the White Settlement Police Department.

7. Movant's attorneys failed to investigate the Movant's competency before trial after the court had attempted to arraign the Movant multiple times to no avail, due to the fact that the Movant did not understand the nature and cause of the proceedings or charges being sought against him. The court, in an attempt to rush the Movant to judgment, failed to make any attempt to explain the nature and cause of the charges to the Movant. The court then proceeded to order a mental compententcy of the Movant to which the outcome was unable to be determined by the psychologist who stated in court that he felt that the Movant was merely trying to stall the court's proceedings. The Movant was merely attempting to understand the nature and cause of the charges which were being levied against him. It was ineffective assistance of counsel for not objecting to Movant representing himself in a mental compentency hearing wherein the Movant was allegedly not able to defend himself. It was also a blatant denial of the assistance of counsel at a critical stage of the trial

proceedings because Movant was not present in the courtroom during said competency hearing.

## GROUNDS FOR RELIEF II

The trial court erred when it increased Movant's base sentencing guideline range five levels or distribution and exchanging pornographic materials and exchanging for a thing of value pursuant to USSG § 2G2.1.

## ARGUMENT II

It is clear from the sentencing transcript that the trial judge based the increase under USSG 2G2.1 because the Movant is "a sophisticated user of computers." The Movant's sophistication and knowledge of use of computers and the use of peer-to-peer answers warrants a two-level increase. But when it comes to bargain for, or exchanging, or trading things of value, there can be no dispute that just having shared satisfies the required presence of trading or bargaining for value enhancements for additional increases. One does not have to trade things, or bargain things, or even provide things for others to get in order to download as much as you want through peer-to-peer programs. The Movant may have been distributing unlawful images but there is no evidence of him trading or bargaining things for value. Thus, the Court erred in increasing the Movant's base sentencing guideline range by five (5) levels.

## GROUNDS FOR RELIEF III

The trial court erred in refusing to let defense counsel ask a computer expert for the defense whether or not there were viruses on Movant's confiscated computer.

## ARGUMENT III

The trial court denied the Movant his right to effective assistance of counsel, the right to Due Process and Movant's right to present a valid defense by not allowing the defense's computer expert to testify the as many as 13 viruses had infected the computer from which law enforcement confiscated from the Movant. These viruses were capable of rendering full control of Movant's computer to a remote user which, in turn, could have transmitted illegal images to the Movant's computer without the Movant's knowledge. Even though the Movant's computer expert was qualified to testify as to such viruses and how they, the viruses, could have caused pornographic images to appear on Movant's computer without the Movant's knowledge, the trial judge erroneously disallowed such expert testimony. This greatly prejudiced the Movant due to the fact the jury was never allowed to hear the expert's complete testimony and, thus, was unable to consider the testimony as exculpatory evidence.

To the contrary, the trial judge allowed all of the government's ostensible expert witnesses without requiring that each be qualified under oath that they were experts in the subject matter to which they were respectively testifying. Such failure to properly qualify expert witnesses has been ruled to be error which produces jury confusion mandating reversal. (see United States v Baptist, 596 F. 3d 214 (4th Cir. 2010)) Furthermore, Movant has newly discovered evidence that one of the government's expert witnesses lied on the witness stand and that the prosecution knew or should have known he was lying. The AUSA asked their expert if he thought that viruses were capable of putting child pornography on a computer to which the expert answered "no." However, it has been learned that the same expert answered the same exact question with a resounding "yes" in a different case in which he was testifying for the defense.

10

## GROUND FOR RELEIF IV

Movant's sentence is substantively unreasonable and excessive.

## ARGUMENT IV

A sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions." United States v. 24 Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting United 25 States v. Rigas, 409 F.3d 208, 298 (2d Cir. 2007)). In determining whether a sentence falls within the permissible range, courts "patrol the boundaries of reasonableness," cognizant of the fact that responsibility for sentencing is placed largely with the district courts. Id. at 191. The district court is in a unique fact finding position, which allows it to interact directly with the defendant, thereby gaining insights that are not always conveyed by a transcript. Nonetheless, the length of a sentence may, with or without far reaching post-release restrictions, make it excessively punitive or needlessly harsh. Sentences that fall into these categories are "shockingly high" ones that serve no valid public purpose. United States v. McGinn, 787 F.3d 116, 129 (2d 7 Cir. 2015). A review and determination of a sentence for substantive reasonableness is governed by the factors set forth in 18 U.S.C. § 3553(a). One important factor is the need for the sentence to reflect the seriousness of the offense and to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A). Others are to "provide just punishment for the offense;" "afford adequate deterrence to criminal conduct;" and "protect the public from further crimes of the defendant," id. § 3553(a)(2), or more succinctly, to fulfill the purposes of "retribution, deterrence, and incapacitation," Additional factors are supplied by the Guidelines under which sentencing courts are required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted

sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 23 U.S.C. §§ 3553(a)(1) and (6). District courts are also obligated to consider whether conditions of supervised release imposed by the district court are reasonably related to certain statutory sentencing factors listed in §§ 3553(a)(1) 27 and (a)(2); involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing; and are consistent with pertinent Sentencing Commission policy statements. While district courts have broad discretion to tailor conditions of supervised release, that discretion is not unfettered, It is the responsibility of the court to carefully scrutinize conditions that may be excessively harsh or inexplicably punitive. The court evaluates whether each sentencing factor can bear the weight assigned it under the totality of circumstances in the case. Movant submits that the factors upon which the district court relied— retribution, deterrence, and incapacitation, and the attributes of Movant and his crimes—cannot bear the weight of the sentence the district court imposed. The sentencing judge, in imposing his sentence, went far overboard. Consistent with 18 U.S.C. § 3553(a)(4), the district court's starting point was U.S.S.G. § 2G2.2, the guideline governing child 19 pornography offenses. This Guideline is fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires. First, courts have observed that the Sentencing Commission has not been able to apply its expertise but instead has increased the severity of penalties "at the direction of Congress," despite "often openly opposing these Congressionally directed changes. It should also be noted that four of the sentencing enhancements were so called "run-of-the-mill" and "all but inherent to the crime of conviction" that "[a]n ordinary first-time offender is therefore likely to qualify for. That is, enhancements for (i) an image with a

prepubescent minor, (ii) an image portraying sadistic or masochistic conduct or other forms of violence, (iii) use of a computer, and (iv) 600 or more images. A sentence of at least 168 to 210 months" based on an offense level 2 increased from the base level of 22 to 35 It should be emphasized that this range was likely to be unreasonable because it rapidly approaching the statutory maximum" for distribution of child pornography, and because the offense level failed to sufficiently distinguish between "the most dangerous offenders" who "distribute child pornography for pecuniary gain and who fall in higher criminal history categories" and those who distribute for personal, non-commercial reasons. Also, this range demonstrates "irrationality in § 2G2.2" because it was substantially more severe than for an adult who intentionally seeks out and contacts a twelve-year-old on the internet, convinces the child to meet and to cross state lines for the meeting, and then engages in repeated sex with the child. Movant received precisely the same "run-of-the-mill" and "all-but-inherent" enhancements criticized above, resulting in an increase in his offense level from 22 to 35. These enhancements have caused Movant to be treated like an offender who seduced and photographed a child and distributed the photographs and worse than one who raped a child. Because he also received an enhancement for his ostensible Obstruction of Justice, his offense level was 37, producing a Guidelines range of 210 to 262 months. Even without this additional enhancement, the Guidelines range of 168 to 210 months exceeds the statutory maximum of 120 months for Movant's possession charge. The only logical conclusion of all this that Movant's sentence is shockingly high.. See Dorvee, 616 F.3d at 182.


The latest statistics on the application of sentencing enhancements confirm that the enhancements Movant received under this Guideline are all-but-inherent.

In 2014, for example, 95.9% of defendants sentenced under § 2G2.2 received the enhancement for an image of a victim under the age of 12, 84.5% for an image of sadistic or masochistic conduct or other forms of violence, 79.3% for an offense involving 600 or more images, and 95.0% for the use of a computer.  See U.S. Sentencing Comm'n, Use of Guidelines and Specific Offense Characteristics (Offender Based), Fiscal Year 2014 42–43, available at http://www.ussc.gov/sites/default/files/pdf/research-and publications/federal-sentencing-statistics/guideline-application-frequencies/2014/Use_of_SOC_Offender_Based.pdf. The Sentencing Commission has also produced a comprehensive report to Congress examining § 2G2.2. U.S. Sentencing Comm'n, Report to the Congress: Federal Child Pornography  Offenses (2012) [hereinafter "USSC Report"], available at http://www.ussc.gov/sites/default/files/pdf/news/congressionaltestimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf. In this report, the Commission explains that it "believes that the current non-production guideline warrants revision in view of its outdated and disproportionate enhancements related to offenders' collecting behavior as well as its failure to account fully for some offenders' involvement in child pornography communities and sexually dangerous behavior." Id. at xxi. Since the Commission has effectively disavowed § 2G2.2, it should be clearer to a district court that this Guideline "can easily generate unreasonable results."  In the Movant's case, § 2G2.2 yielded a sentence that derived substantially from "outdated" enhancements related to Movant's collecting behavior. Meanwhile, the government has not alleged that he was involved in the production or distribution of child pornography or that he was involved in any child pornography community. In particular, the government did not claim he used peer-to-peer sharing software, distributed images, or participated in chat rooms devoted to child pornography.

Nor does the government allege that he contacted or attempted to contact a child or that he engaged in any "sexually dangerous behavior" separate from his crimes of conviction. Thus, § 2G2.2 cannot "bear the weight assigned it" because the cumulation of repetitive, all-but-inherent, enhancements yielded, and the district court applied, a Guideline range that failed to distinguish between Movant's conduct and other offenders whose conduct was far worse. It was substantively unreasonable for the district court to have applied the § 2G2.2 enhancements in a way that placed Movant at the top of the range with the very worst offenders where he did not belong. The district court justified its sentence with reference to the size of Movant's collection of child pornography, his refusal to accept responsibility, his attempts to blame others, his disrespect for the law, and his likelihood of reoffending. Paraphrasing the language of 18 U.S.C. § 3553(a)(2), the court concluded that an aggregate sentence of 360 months would reflect the seriousness of Movant's offenses, promote respect for the law, provide adequate deterrence, and protect the public. The purposes of retribution, deterrence, and incapacitation are important, and in no way should anyone condone either Movant's consumption of child pornography or his misconduct before various authorities including the district court. However, every Guidelines sentence is limited by § 3553(a)'s "parsimony clause," which instructs a district court to impose a sentence "sufficient, but not greater than necessary," to achieve §3553(a)(2)'s goals. District courts are required to carefully consider on an individualized basis "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Further, those considerations must be applied in the context of the other § 3553(a) 3 factors. After the other factors are considered, upward adjustments may be appropriate for the sake of retribution, deterrence, and incapacitation. However, In the case at bar, the district court's considerations cannot reasonably justify regarding Movant as the

15

worst of the worst and sentencing him as such. The fact remains that the sentence Movant received fails, as required by § 3553(a)(1), to account for the important differences between the sentence Movant received and those who produced or distributed child received. The failure to distinguish between contact and possession-only offenders [is] questionable on its face, and this failure may go against the grain of a growing body of empirical literature indicating that there are significant, § 3553(a)-relevant differences between these two groups. Admittedly, Movant may be unlike many other transporters because he refused to accept responsibility, and was disrespectful to the district judge. However, these factors cannot justify a sentence such as Movant's.

The same argument goes for the duration and terms of Movant's supervised release even if the period of incarceration he had received had been lower. To start, the duration of the supervised release, on top of nearly 30 years in prison, make the restrictions excessive and unreasonable. Movant will be 64 years old when he is released from prison. He will be under supervised release for the next 25 years until he is 87 years old. The sentencing court provided no explanation that might justify imposing what amounts to a lifetime of the most intense post-release supervision that prevents Movant from ever re-engaging in any community in which he might find himself. Probably because it is difficult to explain one's unreasonable act.

## GROUNDS FOR RELIEF V

Movant was denied his right to Due Process of the Law as guaranteed by the Constitution of the United States,

## ARGUMENT V

Actually, Movant was represented by two attorneys at trial, Christopher Curtis and Angela Saad, both of the Federal Public Defenders Office. Mr. Curtis and Ms. Saad both filed two separate motions to be removed from Movant's case due to the fact that there was indeed a conflict of interest between counsel and Movant. Both attorneys asked the court that Movant either be allowed to represent himself or have new counsel appointed in those motions. The first motion they filed, was opposed by the prosecutor for some reason but then when the second motion was filed, the prosecutor joined in and agreed that either the Movant be should be allowed to represent himself or have new counsel appointed. Movant had previously filed a lawsuit against the attorneys because Ms. Saad had stated to Movant when he first met her that Movant was her first child pornography case in the federal circuit and that she did not have any clue how "these cases" are handled in the feds. Movant immediately lost trust in Ms. Saad and Mr. Curtis at that point and refused to meet with them on many occasions due to those statements from Ms Saad. Also, when Movant first met Ms. Saad and Mr. Curtis, Ms. Saad said she was Movant's attorney and that Mr. Curtis was just there to help her if she needed the help. However, Movant conveyed to both Ms. Saad and Mr. Curtis that he did not trust Mr. Curtis after Movant and he exchanged words at the county jail in Palo Pinto wherein the Sheriffs had to come in and ask Mr. Curtis to calm down because he was up in Movant's face yelling and threatening Movant.

## GROUND FOR RELIEF VI

Movant was subjected to double jeopardy in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution

## ARGUMENT VI

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . .". It plainly prohibits a lesser included charge to be punished separately from the charge of conviction. To do so violates the double jeopardy because the charges are exactly the same. Thus, the Movant's Receipt charge is a violation of the Double Jeopardy Clause, due to the fact that Possession is a lesser included charge. Since Possession and Receipt contain the same elements, the charge of Receipt is the Double Jeopardy Clause.

## CONCLUSION

Based on the foregoing, Movant respectfully prays this court look into the matters herein and vacate Movant's conviction and/or sentence and that this court grant to Movant a new trial and/or sentencing hearing and any other and further relief the court may deem just and proper.

Dated this _2nd_ day of _October_____, 2017

Respectively submitted,


_Christopher Weast_____

Christopher Robert Weast

18

*Christopher Robert Weast*
*USM # 47797-177*
*FCI Hazelton*
*P.O. BOX 5000*
*BRUCETON MILLS, WV  26525*

---

October 3, 2019

Clerk
United States District Court
501 West 10th Street, RM 310
Fort Worth, Texas 76102-3673

Re:  United States of America v. Christopher Robert Weast
     Case # 4:14-CR-023-A(01)

Dear Clerk of Court:

     I am enclosing my Motion Under 28 U.S.C. § 2255 for filing with this court.

     Should the Court require anything else from me, please do not hesitate to let me know.

     Best Regards,

     Christopher Robert Weast
     USM # 47797-177



U.S. POSTAGE
PAID
ROCK HILL, SC
29732
OCT 03 17
AMOUNT
**$5.38**
R2304H108567-05

1000   76102

CERTIFIED MAIL

7016 1370 0001 8269 4519

Christopher Robert Weast
# 47797-177
FCI Hazelton
PO Box 5000
Bruceton Mills, WV 26525

Clerk
United States District Court
501 West 10th Street, RM 310
Fort Worth, TX 76102-3673

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION

2017 OCT -6 AM 11:29

CLERK OF COURT