IN THE UNITED STATES DISTRICT COURT

Christopher Robert Weast          ,          Case # 4:17-CV-802-A

                    Petitioner,

          vs.

UNITED STATES OF AMERICA          ,

                    Respondent(s).

NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 2 2018

CLERK U.S. DISTRICT COURT

Deputy

MOTION TO AMEND UNDER 28 U.S.C. §2255 for CONSTITUTIONAL ISSUE [VENUE] ARGUMENT

INTHAT Petitioner wishes to raise a Constitutional challenge issue, which due to its' nature, belongs within the purview of a Motion under 28 U.S.C. §2255, and there being no prejudice to the Government party to this Motion, no opinion being published or final Order written to date, Court should permit this additional argument, rather than force a second or successful 28 U.S.C. §2255, after filing a Motion for permission under §2244 to the Appeals Court, for a topic that could be fully adjudicated now, and belongs within a District Court to allow for the hearing that Government will demand of it.

The essential element of this crime fell under the Interstate Commerce Clause, claiming that it was 'substantially affected' through the use of a computer, that value granting Venue in the matter to the Federal Government and this Court. The fact that the computer involved was 'purchased out of state', thus had travelled at one point in Interstate Commerce, was the key to removal from the State Court to this one. That decision was in error.

<u>Min Nan Wang</u>, 222 F.3d 234 (6th Cir. 2000);

"We have suggested that the Government might make such a showing by demonstrating that the defendant knew of or was motivated by the individual victim's connection to interstate commerce. See: **US vs. Mills**, 204 F.3d 669, 670 (6th Cir. 2000)(holding that solicitation of bribes from individuals gave rise to federal jurisdiction under the Hobbs Act because the defendants 'had actual knowledge that the bribe money would. be obtained through loans made in interstate commerce'). Other avenues of proof will no doubt present themselves. We would anticipate, however, that the 'overwhelming majority' of Hobbs Act cases brought before the federal courts will continue to be ones in which the victims are businesses directly engaged in interstate commerce.

In the present case, application of these principles dictates reversal of Wang's conviction with respect to Count 1. Wang robbed private citizens in a private residence of approximately $4,200, **a mere $1,200 of which belonged to a restaurant doing business in interstate commerce.** The Government made no showing of a **substantial connection between the robbery and the restaurant's business**, and the district court held that:

**"THERE IS NO EVIDENCE OF AN EFFECT ON INTERSTATE COMMERCE."**

In the absence of such a showing;

**"THERE IS NO REALISTIC PROBABILITY THAT THE AGGREGATE OF SUCH CRIMES WOULD SUBSTANTIALLY AFFECT INTERSTATE COMMERCE."**

Indeed, upholding federal jurisdiction over Wang's offense would, in essence, acknowledge a general federal police power with respect to the crimes of robbery and extortion.

The Supreme Court, however, has, this Term reminded us that:

'The Constitution requires a distinction between what is truly national and what is truly local. In recognizing this fact, we preserve one of the few principles that has been consistent since the Clause was adopted. The regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce **has always been the province of the States.** Indeed, we can think of no better example of police power, which the Founders denied the National Government and reposed to the States, than the suppression of violent crime and vindictation of its victims. **US vs. Morrison**, 529 US 598, 146 L.Ed.2d 658, 120 S.Ct. 1740, 1754 (2000)(citation omitted). Due regard for this admonition requires that Wang's case be heard in State Court. **We therefore reverse his Hobbs Act conviction.'**

CONCLUSION

There was and can be no 'substantial interstate commerce effect' from the use of either a computer, video camera, or still photograph camera whose value is less than the prescribed $1,200 herein. There is no "shutdown" of any interstate businesses due to the use, the computer, video, or still camera company involved in the manufacture and sales were paid in full, the sales taxes were paid in full, and no company involved failed to open their doors for work the following day after Petitioner's arrest. Therefore, there can be no showing of the **essential element of substantial effect on Interstate Commerce, nor were any sales involved, thus that avenue of 'proof' is foreclosed.** The Federal Government holds no Venue over this State crime.

## REMEDY SOUGHT

Petitioner, not within Federal Venue, as his property, the video camera, still camera or computer herein used, does not and did not **'substantially effect Interstate Commerce'**, an essential element for Federal Venue of the crime(s) charge d this Petitioner. Petitioner must, therefore, be released from this improper Venue immediately.

### SUPPORT FOUND WITHIN:

Lopez, 514 US 549, 558-59 (S.Ct. 1995); Jimenez-Torrez, 435 F.3d 3 (1st Cir. 2006); Wilkerson, 361 F.3d 717 (2nd Cir. 2003); Powell, 693 F.3d 398 (3rd Cir. 2012); Taylor, 754 F.3d 217 (4th Cir. 2014); Min Nan Wang, 222 F.3d 234 (6th Cir. 2000); Moore, 363 F.3d 631 (7th Cir. 2003); Dean, 2013 US Dist LEXIS 170023 (8th Dist); Lynch, 367 F.3d 1148 (9th Cir. 2003); Rutland, 705 F.3d 1238 (10th Cir. 2013); Ramos, 2016 US Dist LEXIS 183591 (11th Dist.).

I, <u>christopher robert weast</u>  hereby certify under penalty of perjury pursuant to Title 28 U.S.C. §1746 the aforesaid as true and correct.

<u>January 15, 2018</u>                    By: <u>Christopher Robert</u>
Dated:                                         Agent        Signature

christopher robert: weast
47797177
c/o temporary post location
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, West Virginia 26525

PITTSBURGH PA 150

16 JAN 2018 PM 8



Special
Mail

clerk of court
court of the united states
501 west tenth street, room 301
fort worth, texas 76102

Special
Mail

76102-366676

FCC Hazelton
Hazelton WV

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for information or clarification. If the writer encloses correspondence for forwarding to another person, please return the enclosure to the above address.