U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 23 2018

CLERK, U.S. DISTRICT COURT
By_____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHRISTOPHER ROBERT WEAST,      §
                               §
         Movant,               §
                               §
VS.                            §   NO. 4:17-CV-802-A
                               §   (NO. 4:14-CR-023-A)
UNITED STATES OF AMERICA,      §
                               §
         Respondent.           §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Christopher Robert Weast ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:14-CR-023-A, styled "United States of America v. Christopher Robert Weast," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 12, 2014, movant was named in a one-count indictment; on May 14, 2014, movant was named in a two-count superseding indictment; on June 11, 2014, movant was named in a two-count second superseding indictment; and, on July 1, 2014,

movant was named in a two-count third superseding indictment. CR Docs.[1] 1, 57, 85, 103. The third superseding indictment charged movant with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), and receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). CR Doc. 103.

Throughout the course of the proceedings (and continuing to date), movant filed numerous frivolous papers. He refused to cooperate with counsel and a court-appointed forensic examiner, denied that he was the true defendant, filed counterclaims against the government, moved to dismiss the charges based on purported lack of jurisdiction, sought emergency writs and stays, and requested the "bond policy numbers" of the prosecutor, probation officer, defense counsel, and presiding judges. See, e.g., CR Docs. 26, 33, 35, 38-41, 46, 49-50, 54-56, 59, 61, 75, 95, 96, 98, 100, 127, 135-37, 147-48, 153, 155, 159, 166, 175-81, 197-99, 201-03, 216-17, 219, 229-33, 236-39, 247-49, 251-56, 264, 266-70, 272-81, 285-90, 292, 319-21, 323-77, 388-95, 397-446, 448.

The court, through the magistrate judge, initially determined that movant had knowingly and voluntarily waived his

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal action, No. 4:14-CR-023-A.

2

right to representation by court-appointed counsel and allowed movant to represent himself. CR Doc. 43. The judge then presiding recused and the case was assigned to the docket of the undersigned. CR Doc. 67. The court set a hearing to consider whether movant should be allowed to continue to represent himself. CR Doc. 69. Following the hearing, the government filed a motion for mental competency examination of movant. CR Doc. 77. The court granted the motion and appointed the Federal Public Defender to represent movant in connection with the competency proceedings. CR Doc. 78. At the hearing on July 8, 2014, the forensic psychiatrist appointed to conduct an evaluation of movant testified that movant had the ability to control his conduct but chose to engage in conduct designed to obstruct the proceedings. CR Doc. 110 at 24. The court determined that it could not find from the evidence that movant was incompetent. CR Doc. 110 at 28. And, the court appointed the Federal Public Defender to represent movant at trial, since it appeared that movant would not be able to participate in the trial in the courtroom, given his conduct. CR Doc. 110 at 39-40; CR Doc. 125 (explaining in detail movant's conduct up to that time).

Trial was conducted on July 28 and 29, 2014. CR Docs. 204, 209. On July 29, 2017, the jury returned its verdict of guilty as to each count of the third superseding indictment and a special

verdict as to items to be forfeited. CR Docs. 211, 213. Movant was sentenced to a term of imprisonment of 120 months as to count one and 240 months as to count two, to run consecutively for a total of 360 months' imprisonment. CR Doc. 283. Movant appealed and his judgment was affirmed. <u>United States v. Weast</u>, 811 F.3d 743 (5th Cir. 2016). The Supreme Court denied his petition for writ of certiorari. 137 S. Ct. 126 (2016).

## II.

### Grounds of the Motion

In his motion, movant sets forth four grounds for relief. Doc.[2] 1. They are:

> (1) Movant was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.
>
> (2) The trial court erred when it increased Movant's base sentencing guideline range five levels for distribution and exchanging pornographic materials and exchanging for a thing of value pursuant to USSG § 2G2.1.
>
> (3) The trial court erred in refusing to let defense counsel ask a computer expert for the defense whether or not there were viruses on Movant's confiscated computer.

<u>Id.</u> at 7.

> (4) Movant's sentence is substantively unreasonable and excessive.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

<u>Id.</u> at 8.

In the supporting memorandum attached to the motion, movant asserts two additional grounds. They are:

> (5) Movant was denied his right to Due Process of the Law as guaranteed by the Constitution of the United States.

<u>Id.</u> at 27.

> (6) Movant was subjected to double jeopardy in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

<u>Id.</u> at 28.

### III.

### Standards of Review

A.  <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

5

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

6

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A. Ineffective Assistance

Movant first addresses ineffective assistance of counsel, arguing that his counsel "made several crucial errors and

7

omissions which, had they not been made, probably would have resulted in an acquittal." Doc. 1 at 14.

Movant says that at some unidentified point in time his counsel told him that the government had offered him a 10-year plea deal, but that counsel had also informed him that the maximum sentence he faced was ten years. He did not know that he faced a thirty-year sentence and if he had known, he would have accepted the plea deal. Doc. 1 at 15. The allegations are wholly uncorroborated and incredible. The record reflects that on May 28, 2014, after the first superseding indictment had been filed, and at a time that movant represented himself, the court specifically admonished movant that he faced up to 30 years' imprisonment. Doc. 108 at 6-7. The second and third superseding indictments presented the same charges with the same penalties. Movant continued to represent himself.

On July 8, 2014, the court conducted a hearing on the issue of movant's competency. CR Doc. 110. The court heard testimony from Dr. Randall Rattan, the forensic psychologist appointed to evaluate movant. Besides testifying that there was no predicate to say that movant was incompetent, id. at 20, Dr. Rattan testified that movant's disruptive courtroom behavior was a tactic to obstruct the trial and that movant "certainly controlled his conduct reasonably well" while incarcerated, id.

at 24. Having determined that it could not find that movant was mentally incompetent, the court proceeded with arraignment on the third superseding indictment. Id. at 28-29. The prosecutor read the third superseding indictment and detailed the penalties movant faced as to each count, totaling thirty years' imprisonment. Id. at 31-41. The penalties were also set forth in the court's order of July 15, 2014. CR Doc. 125 at 36.

Movant cannot now claim that he did not know the penalties he faced. Nor can he plausibly contend that he was offered a ten-year plea deal. The Federal Public Defender was appointed to represent him after the superseding indictments had been returned. Further, the record reflects that movant refused to communicate with his appointed counsel, making the allegation that they discussed a plea offer unbelievable. CR Doc. 112. Moreover, given movant's behavior throughout the proceedings, it is ludicrous to suggest that movant would ever have accepted a plea agreement had one been offered.

Movant next urges that his counsel failed to object to the court's closure of jury voir dire to the public. Doc. 1 at 15-17. However, voir dire was not closed. Rather the transcript of the proceedings was sealed to protect personal information of the jurors and those on the panel from which the jury was selected. CR Doc. 228. As stated, the court is not considering new

arguments made in movant's reply that were wholly unsupported in the motion.

Movant's third allegation concerns alleged repetitious and futile objections by one of his trial attorneys. Doc. 1 at 17. The allegation is conclusory and lacking in detail to support any claim of ineffective assistance. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

Movant's fourth allegation is incomprehensible, apparently asserting that counsel erred in characterizing "prosecutorial error" as "prosecutorial misconduct." Doc. 1 at 17. In any event, the Fifth Circuit examined the prosecutor's closing argument on appeal and determined that the comments did not justify reversal. 811 F.3d at 752-53.

The fifth allegation is likewise conclusory, stating simply that movant's counsel failed to object to the court's draconian sentencing of movant. Doc. 1 at 18. The record belies the claim. CR Doc 318 at 51. Moreover, movant's within-guideline range sentence is presumptively reasonable. United States v. Mondragon-Santiago, 564 F.3d 357, 360 (5th Cir. 2009).

Movant next urges that his counsel was ineffective in refusing to investigate that movant had reported prior instances of child pornography to the police and FBI. Doc. 1 at 18. The allegation is unsupported. Moreover, there is no reason to

10

believe that this information would have had any relevance to the case.

Finally, movant says that his counsel failed to investigate his competency. Doc. 1 at 18-19. Again, the allegations are conclusory. The record reflects that movant was not allowed to be in the courtroom because he refused to conduct himself properly. His counsel did the best they could given movant's refusal to cooperate. Movant simply has not shown that he was prejudiced by the conduct of his counsel.

B. Guidelines

Movant urges in his second ground that the court erred when it applied a five-level enhancement for distributing child pornography under USSG § 2G2.1. Challenges to the court's guideline calculations are not cognizable under § 2255. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). In his reply, movant contends for the first time that this ground was part of his ineffective assistance of counsel claim, when clearly it was not.[3] Movant could not prevail in any event. He persisted in his objections and they were overruled. CR Docs. 246, 250, 260, 263, 318. The evidence supported the five-level enhancement and movant has not shown that the outcome of his appeal would

---

[3] Movant says that the government "again fails to comprehend [his] claim regarding counsel's ineffective assistance" when no such claim was made in the motion. Doc. 15 at 10. False allegations permeate the reply. E.g., id. at 4-5 (alleging that movant was not disruptive).

11

have been different had the issue been pursued. Rather, Fifth Circuit precedent supports the court's ruling. See United States v. Onken, 440 F. App'x 304 (5th Cir. 2011); United States v. Sistrunk, 37 F. App'x 88, 2002 WL 971623 (5th Cir. 2002).

C.  Examination of Witness

In his third ground, movant urges that the court erred in refusing to let defense counsel ask certain questions of a computer expert. This ground was raised on appeal. 811 F.3d at 750-51. It cannot be relitigated here. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); Moore, 598 F.2d at 441. Nor will the court consider the argument, urged for the first time in the reply, that counsel was ineffective in this regard. In any event, the appellate opinion makes clear that movant could not have prevailed on such argument. 811 F.3d at 750-51.

D.  Sentence

In his fourth ground, movant says that his sentence is unreasonable and excessive. The claim is procedurally barred. And, in any event, movant could not show cause and prejudice. United States v. Guerra, 94 F.3d 989, 993-94 (5th Cir. 1996). Movant's sentence was within the guidelines and is presumptively reasonable. Mondragon-Santiago, 564 F.3d at 360.

E.  Due Process

Movant's fifth ground is couched in terms of an alleged denial of due process, but he is apparently arguing that the court erred in refusing to allow the Federal Public Defender to withdraw as his counsel. This argument should have been raised on appeal, Davis, 417 U.S. at 345, but is unsupported in any event. The record clearly reflects why the court denied the motion to withdraw. See, e.g., CR Docs. 108, 110, 125.

F.  Double Jeopardy

Movant finally urges that he was subjected to double jeopardy, arguing that receipt and possession of child pornography contain the same elements. The claim is meritless because movant's convictions were based on different images that he possessed on different dates. CR Doc. 103. United States v. Sturm, 673 F.3d 1274, 1288 (10th Cir. 2012); United States v. Mooneyham, No. V-08-1, 2012 WL 3257804, at *18 (S.D. Tex. July 2, 2012).

V.

Motion for Leave to Amend

Along with his reply, movant filed yet another motion for leave to amend his § 2255 motion. The time for filing a proper motion has expired. Movant has not shown that he is entitled to add yet another ground, especially a frivolous one.

13

## VI.

### Order

The court ORDERS that movant's motion for leave to amend be, and is hereby, denied.

The court further ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 23, 2018.

_____
JOHN McBRYDE
United States District Judge