in the court of the United States

Christopher Robert Weast,
    Petitioner,

v.                                          Case No. 4:17-cv-802-a

United States of America,
    Respondent.

## Motion for Reconsideration

COMES NOW, Petitioner Christopher Robert Weast, in pro-se capacity, with this motion for reconsideration of the decision of this Court on January 23, 2018, by the Chief Judge.

On or about February 6th, 2014; Petitioner was indicted for one count of 18 U.S.C. § 2252(a)(4)(B); Possession of Child Pornography.

On or about July 29, 2014; Petitioner was convicted by a jury of 18 U.S.C. § 2252A(a)(5)(B); and § 2252A(b)(2); Possession of Child Pornography and Criminal Forefeiture and 18 U.S.C. 2252A(B)(2) Receipt of Child Pornography.

On or about November 14, 2014; Petitioner was sentenced to 360 months followed by 5 years of supervised release.

On or about January 26, 2016; the United States Court of Appeals affirmed the conviction and sentence.

On or about October 6, 2016; certiorari was denied by the United States Supreme Court.

On or about October 3, 2017; Petitioner filed a Motion to Vacate, Set Aside, or Correct a Sentence and/or Conviction pursuant to 28 U.S.C. § 2255. The Government responded in opposition to the motion, and the Petitioner requested and was granted two extensions to file his response to the opposition.

On or about January 16, 2018; Petitioner placed his reply in the FCI Hazelton institutional mailbox.

On or about January 22, 2018; the response was scanned and docketed by the court.

On or about January 23, 2018; Judge John McBryde entered a final judgment denying relief.

Grounds for Reconsideration:

It is the belief of the Petioner that Judge McBryde arbitrarily issued a denial of the writ of habeas corpus due to the fact that the denial occurred the day after the reply was docketed. This short period left no time for any meaningful consideration of the points addressed in the reply to the Government's opposition.

In the Memorandum Opinion and Order, Judge McBryde states that "throughout the course of the proceedings (and continuing to date), movant filed numerous frivolous papers. He refused to cooperate with counsel and a court appointed forensic examiner, denied that he was the true defendant, filed counterclaims against the Government, moved to dismiss the charges based on purported lack of

jurisdiction, sought emergency writs and stays, and requested the bond policy numbers" of the prosecutor, probation officer, defense counsel, and presiding judges."

However, the judge never once takes into consideration that the Petitioner violated no law by the documents served upon the court or by the requests he made in an effort to understand the proceedings. The Petitioner acted in good faith and it was never his intention to be disruptive or frivolous. The Judge also failed to indicate consideration of the points contained in the Petitioner's reply to the Government's Opposition; apparently deeming it yet another frivolous paper.

The Petitioner is entitled to have his motion under 28 U.S.C. § 2255 considered and decided on the full merits which were presented in the original petition and subsequent replies. F.R.Civ.P. 60(b) allows for relief from a final judgment where there has been a failure to address all of the issues raised in the motion and proceeding. Other rules and stautes also have impact when the considerations were incomplete.[1]

Specifically, Judge McBryde fails to mention the Government's failure to acknowledge certain aspects of the Ineffective Assistance of Counsel claims. He also fails to consider the fact that these attorneys were forced upon the Petitioner who wished to exercise his right to represent himself during the proceedings. Judge McBryde also fails to consider other points raised in the motion as outlined herein.

---

[1] A district court must address each claim raised in a habeas petition. The Court of Appeals "will vacate the district court's judgment without prejudice and remand the case for consideration of any remaining claims." Clisby v. Jones, 960 F.2d 938; see also Rhode v. US, 538 F.3d 1289 (11th Cir. 2009)

Attorney Representation Concerns:

The Constitution of the United States provides a criminal defendant with the right to counsel. However, that right is not a requirement. It is well established that a defendant also has the right to represent and defend himself without the assistance of counsel. This makes sense because it is the defendant on trial, not the attorney.

While the sensibility of representing oneself is often questioned, this is a choice that only the defendant can make. Recently, Supreme Court justice Sotomayor said "People can walk themselves into jail. They can walk themselves, regrettably, into the gas chamber." (McCoy v. Louisiana No. 16-8255)

In this case, Petitioner waived his right to counsel in his Farretta hearing. Additionally, the forensic examiner found him mentally fit to stand trial based on the documentary information available. As such, his right to self representation was violated when an attorney was forced upon him and he was prevented from presenting his own defense.

The Supreme Court has recognized that the Sixth Amendment right to the assistance of counsel implicitly embodies a "correlative right to dispense with a lawyer's help." Adams v. United States ex rel. McCann, 317 US 269. Specifically, the Adams case held that "the Constitution does not force a lawyer upon a defendant." Id

Here, an unwanted attorney was forced upon the Petitioner. The court used justification of disruptive behavior to enforce an implied waiver to the right of self representation. However, a constitutional right may only be waived when

done knowing and intelligently in an affirmative manner. A mere implication based on behavior does not meet the threshold required for one to waive a constitutional right. The transcripts do not reflect that the Judge ever advised the defendant of an implied waiver, even if that had been sufficient to waive a constitutional right.

When the forced attorney failed to act in a professionally reasonable manner, this was constitutionally ineffective counsel. Further, when the attorney adopted and acted upon a belief that his client should be convicted, he stopped acting as the Government's adversary. This is further evidence of Ineffective Counsel.

---

"An attorney who adopts and acts upon a belief that his client should be convicted fails to function in any meaningful sense as the Government's adversary." Osborn v. Shillinger, 861 F.2d 612, 625 (10th Cir. 1998).

This belief is evidenced by disparaging comments made by the attorney and the attorney's unwillingness to investigate and provide a fully developed defense. Again, this was professionally unreasonable.

Ineffective Assistance of Counsel:

Petitioner maintains that his counsel's performance was not professionally reasonable, and in fact deficient. This deficiency raises to the level of constitutional ineffectiveness. Further, this deficient performance resulted in a sentence greater than necessary. Deficient performance effecting liberty satisfies a showing of prejudice.

A defendant is entitled to the effective assistance of counsel during the plea negotiation process. Lafler v. Cooper, 132 S. Ct. 1376.

Due to the fact that the one and only plea offer was not fully explained, the Petitioner did not have adequate information to knowingly and intelligently accept that offer. When his decision was made, it was based on misinformation provided by counsel, and therefore not an informed decision.

The attorney failed to review the applicable guidelines, and informed the Petitioner that he was facing a statutory maximum of 10 years. Accordingly, when a plea agreement was offered for 10 years, Petitioner could not identify any benefit from the agreement. As such, he proceeded to trial under the information provided by the attorney. Had it been properly explained that he could face a superseding indictment which would increase his maximum penalty, it would have been objectively reasonable for him to consider the acceptance of the plea agreement that was offered.

Counsel neglected to explain the sentencing guidelines system, base offense levels, projected enhancements, and the possibility of the acceptance of responsibility. Had the Petitioner possessed all of this information, he would have been in the position to make an intelligent and knowing choice between his options. Without this information, it is impossible for him to be expected to make an informed decision.

It is probable that had he known the pertinent information, the Petitioner would have accepted the plea agreement. This would have resulted in a base offense level of 18. Without enhancements, and with the acceptance of responsibility, this would have resulted in a guideline range of 18-24 months. Without acceptance

and with any potential enhancements, the 10 years offered may have been objectively reasonable. It is impossible to predict the decision he would have made with all of the correct facts, because he simply did not have them.

Failure to Object & Pursue Objections; Failure to Investigate - Mitigation:

"Counsel cannot responsibly advise a client about the merits of different courses of action, [and] the client cannot make informed decisions ... unless counsel has first conducted a thorough investigation." Dickerson v. Bagley, 453 F.3d 690, 694 (6th Cir. 2006).

"There may be unusual cases where an attorney can make a rational decision that investigation is unnecessary, [but] as a general rule, an attorney must investigate a case in order to provide minimally competent representation." Crisp v. Duckworth, 743 F.2d 580, 583 (7th Cir. 1984).

Minimally competent representation was not rendered when counsel failed to investigate the offense, the characteristics of the Petitioner, potential mitigating evidence and witnesses, and when counsel failed to object and pursue objections regarding enhancements.

Proper investigation could have revealed, among other things, that the conduct did not warrant the enhancements applied, that there were potential mental health concerns, and that there were mitigating witnesses available.

Although the Petitoner's mother provided mitigating testimony, other important witnesses were never investigated. Those witnesses included

Destiny Jones, a family member who would have testified that the Petitioner whom she knew well was not the type of person to have committed such an offense. She would have been an excellent character witness. Amber Hall, the wife of the Petitioner's cousin, would have testified to many positive aspects of Petitioner's character. This would include the fact that the Petitioner cared for her children on many occasions with no inappropriate behavior. Sheri Dawn Brickey, a life long friend with direct personal knowledge of the character of the Petitioner. A number of others could also have been identified, including minors who had known the Petitioner without any inappropriate behavior.

The failure to investigate information beyond what was contained in the PSR was not professionally reasonable assistance on the part of counsel. Counsel was directed to contact potential defense witnesses and declined to do so without any knowledge of their testimony.

"A purportedly strategic decision is not objectively reasonable when the attorney has failed to investigate his options and make a reasonable choice between them." Ramonez v. Bagley, 490 F.3d 482, 488 (6th Cir. 2007). It is the concomitant duty of counsel to conduct "reasonable investigations or [reach] a reasonable decision that makes particular investigations unnecessary." Strickland, 466 US 691.

"It has been uniform and constant in the Federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case a unique study in the human failings that sometimes mitigate ... the punishment to ensue." Koon v. United States, 518 US 81.

It should be noted that the health history and actions/behavior of the Petitioner strongly indicated a mental health component. However, counsel conducted no further investigation into this. Mental health concerns are frequently presented to the Courts for mitigation purposes. This is but another example of a failure by the counsel.

Failure to Object & Pursue Objections; Failure to Investigate - Enhancements:

Petitioner claimed that counsel was ineffective for failing to properly object to a sentencing enhancement under USSG § 2G2.2(b)(3)(B) for distribution. Petitoner argued that he did not knowingly distribute files through his peer to peer software; and further, the unintentional distribution which was an automatic feature of the software was not done as part of an exchange.

The court ruled that the enhancement was proper and therefore the attorney was not ineffect for his failure to object and pursue an objection. The court cited United States v. Onken, 440 F. Appx. 304 (5th Cir. 2011) and United States v. Sistrunk, 37 F. Appx. 88 (5th Cir. 2002) to support it's reasoning. However, these unpublished cases are negated by newer published precedent shared between the 5th and 11th circuits.

The expectation of receiving a thing of value must be understood in the context of a transaction conducted for valueable consideration. Spriggs, 666 F.3d 1284, 1288 (11th Cir. 2012). Spriggs clarifies that when the user knowingly makes the files accessible to others, the distribution is complete.

However, the eleventh circuit also points out that "File-sharing programs

exist to promote free access to information. Generally, they do not operate as a forum for bartering. For example, file-sharing programs permit persons to access shared files on peer computers regardless of whether the person in turn shares his files. The files are free. Because the transaction contemplated in the guidelines is one that is conducted for 'valuable consideration,' the mere use of a program that enables free access to files does not, by itself, establish a transaction that will support the five level enhancement." Id.

There is no evidence within the record that the Petitioner entered into a transaction in which he shared his child pornography in exchange for that of others. In absence of this evidence, the enhancement was not proper. The attorney, if he had properly researched this issue, would have objected to the application of the enhancement as it does not fit the facts of this case.

The erroneous five level enhancement resulted in a much higher guideline range and sentence, demonstrating prejudice from the attorney's deficient and professionally unreasonable performance. This in turn satisfies the two prongs of the test established by Strickland in regard to ineffective assistance of counsel claims.

While the district court reasoned that the petitioner expected to receive faster downloading by sharing files, this reasoning fails because sharing is automatically enabled by the software. This was not a knowing and purposeful decision made by Petitioner, and since there is no value to the speed of file transfer it does not meet the definition of a thing of value.

It is well established that enhancements must be proven by reliable extrinsic evidence. There is no evidence to support that the defendant traded for a thing

of value. An unknowing agreement between a software company and its client simply exchanges the full use of the program for potential faster download. This does not meet the required threshold because any type of file could potentially satisfy the throttling requirement of the software provider, and further, it cannot be proven by the evidence that an actual increase in speed was realized. Since there was no trade for a thing of value that was directly tied to the child pornography, the application of this enhancement fails and the attorney should have identified and argued this. If the attorney was not in a position to evaluate this, the consultation of an expert would have been due.

Closure of Voir Dire:

Judge McBryde states that "the court is not considering new arguments made in movant's reply that were wholly unsupported in the motion." However, the issue of counsel's failure to object to the closure of Voir Dire was clearly outlined in the original motion.

It was said in the order that "voir dire was not closed", yet the record clearly contradicts this claim. The following evidence in the record immediately prior to Voir Dire shows the effective closure of the courtroom during this time:

| | |
|---|---|
| The Court: | Mr. Weast, I'm sure you can hear me. So I'm advising you at this time to tell me whatever it is that you indicated to your attorney or attorneys that you want to tell me. |
| | All of you leave the courtroom so we'll have room for the jury selection. |
| The Marshal: | All of you need to get up and leave the courtroom. |

To provide confirmation that the courtroom was closed for the entirety of Voir Dire, spectators of the court such as the Petitioner's mother will provide testimony or an affidavit.

"Wrongful deprivation of the right to a public trial has been repeatedly characterized as structural error by the United States Supreme Court." United States v. Marcus, 87 CrL (U.S. 2010); United States v. Gonzalez-Lopez, 548 US 140 (2006); and Neder v. United States, 527 US 1 (1999).

"Violation of the public trial right, even when not preserved by objection, is presumed prejudicial to the defendant on direct appeal." United States v. Gupta, 699 F.3d 682, 687-88 (2nd Cir. 2011); United States v. Waters, 627 F.3d 345, 361 (9th Cir. 2010); United States v. Agosto-Vega, 617 F.3d 541, 547-48 (1st Cir. 2010).

Contrary to the contention of the Government and Judge McBryde that the courtroom was not closed for Voir Dire, the record clearly belies that position. The record, and the unrebutted affidavits filed, conclusively show that the courtroom was indeed closed. This was a violation of public trial rights as well as structural error. Any effective and professionally reasonable counsel would have identified and objected to such an obvious problem.

"Complete exclusion of the public from jury selection infringed Petitioner's Sixth Amendment rights because closure of the courtroom during entirety of voir dire was plain and obvious error that, as a structural error, affected defendant's substantial rights and seriously impaired the fairness, integrity, or public reputation of the proceedings." United States v. Negron-Sostre, 790 F.3d 295 (1st Cir. 2015)

In addition to the reconsideration, Petitioner requests that the Court take judicial notice pursuant to Fed. Rule Evid. 201(c)(2) and 201(e), that all of the aforementioned facts presented are unrebutted.

Violation of Due Process of Law:

In the Judge's ruling, he makes the claim that Petitioner cannot mention a due process error which effects a Constitutional right and effects substantial rights of the defendant. However, this is clearly contradicted by his own ruling when he made the following statement:

A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without first showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d 232.

Judge McBryde failed to take into consideration the full scope of the Petitioner's writ of habeas corpus when he stated that the counsel failed to object and/or bring up the issues on direct appeal. Since cause and prejudice can be demonstrated, the procedural default is overcome.

Petitioner's motion raises a double jeopardy claim due to the fact that the possession charge is based on the container which held the images; and the receipt charge was based on a video found in the same container. Since there was only one container, and because you necessarily possess something that you have received, Petitioner was placed in jeopardy twice for the same evidence.

Unreasonableness of Sentence:

Petitioner maintains that his Counsel should have certainly been aware of the factors outlined in 18 U.S.C. § 3553(a); and that he should have objected to the sentence as substantially and procedurally unreasonable.

Counsel, that was forced upon the defendant, did not act in a professionally reasonable manner when he failed to object to any reasons other than the one generally made regarding the recommended guideline range.

Typically, "all federal criminal sentences - whether inside, just outside, or significantly outside the federal sentencing guidelines range - under the abuse of discretion standard." Gall v. United States, 552 US 38 (2007).

The court abused it's discretion when it failed to consider all 3553(a) factors. Had counsel properly brought this issue on appeal, it is probable that the Court of Appeals would have set aside the sentence and remanded for corrected sentencing.

Specifically, the record does not support a conclusion that all required 3553(a) factors were taken into account. The Judge did not consider 3553(a)(2) which requires "the need for a sentence to reflect the basic aims of sentencing, namely just punishment, deterrence, incapacitation, and rehabilitation." Further, nowhere in the record does the Judge take into consideration the sentences legally available, the USSG Guidelines Manual and its commentary, any USSC Policy Statements, or the need to avoid unwarranted disparities. This all results in a sentence that is greater than necessary to comply with the aims of 3553(a).

The court only included the following insufficient reasoning:

The Court: Okay. Well, I'm inclined to agree that this is not the typical case in the sense that this defendant's conduct indicates that he has absolutely no respect for the law and is likely to engage in inappropriate conduct in the future. I'm not sure that there's any form of punishment that would prevent him from doing that.

So, I've concluded that a sentence within the guidelines range, that is, 360 months imprisonment, combined with a term of supervised release of -- I'm going to limit that to 5 years.

Now, the imprisonment would be 120 months as to Count 1, and 240 months as to Count 2, cumulative to 360 months.

And the term of -- the term of supervised release would be 5 years as to each count. Of course, they run concurrently.

In addition to that, there would be a special assessment of $200, that is, $100 per count.

So the Court's ordering -- and I'm satisfied that a sentence of the kind I've described is one that will adequately and appropriately address all the factors the Court should consider in sentencing under 18 United States Code Section 3553(a). It's a reasonable sentence, and it's not excessive under the circumstances of the case.

While the Judge alludes to the §3553(a) factors, simply being aware of them does not indicate that they were appropriately considered. The sentence outline fails to indicate consideration of the factors and arbitrarily states that the Judge feels the sentence is reasonable.

Due to the fact that the United States Sentencing Commission has indicated that some of the enhancements under USSG § 2G2.2 were all but inherent in every case of possession and/or receipt. Further, the case outlined in Petitioner's §2255 motion, <u>Jenkins v. United States</u>, 854 F.3d 181 (2nd Cir. 2017); shows that Courts have rejected as unreasonable a sentence of 225 months in a similar case. Had these things been properly considered, as directed by § 3553(a), it is probable that a lesser sentence would have been imposed.

Conclusion:

WHEREFORE, for all the reasons outlined herein, the Petitioner respectfully requests that this Honorable Court grant reconsideration of his motion under 18 U.S.C. § 2255.

Judge McBryde did not consider the full merits of Petitioner's motion, relied on incomplete information, made arbitrary decisions, and otherwise abused his discretion. While the history of Petitioner's case and behavior may have made Judge McBryde reluctant to entertain any proceedings Petitioner initiated, Petitioner's motion raises very real issues that were left unaddressed. Petitioner ask for reconsideration to correct this fundamentally unfair situation. Left un-corrected, these issues would seriously call into question the judicial process and may lead to a miscarriage of justice. So, in the interest of justice, please grant the reconsideration of Petitioner's motion.

Petitioner certifies all aforementioned facts as true and correct pursuant to 28 U.S.C 1746.

Respectfully,

April 2, 2018
Date

Christopher Robert Weast
c/o temporary post location
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, West Virginia 26525

Certificate of Mailing

Petitioner hereby certifies that a true and correct copy of the foregoing document was sent via the United States Postal Service to the Court. This document was placed in the FCI Hazelton institution mailbox on March 30, 2018, via first-clas postage prepaid.

April 2, 2018
Date

Christopher Robert Weast

47797177
c/o temporary post location
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, West Virginia 26525



Judge McBryde

Terry Means,
Office of the Chief Judge
court of the United States
501 West Tenth Street, Room 301
Fort Worth, Texas 76102

SPECIAL MAIL    SPECIAL MAIL    SPECIAL MAIL    SPECIAL MAIL    SPECIAL MAIL    SPECIAL MAIL    SPECIAL MAIL